UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS GARCIA SANDOVAL, | Civil Action No. 25-17229 (SDW) |
| Petitioner, | |
| v. | OPINION |
| ERIC ROKOSKY, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Luis Garcia Sandoval, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility ("EDC"), New Jersey. (ECF No. 1).

2. Respondents EDC Warden Eric Rokosky, ICE Newark Field Office Director Ruben Perez, Department of Homeland Security ("DHS") Secretary Kristi Noem, and Acting ICE Director Todd Lyons oppose the Petition. (ECF No. 6).

3. Petitioner is a citizen of Mexico. (ECF No. 1 ¶ 21). He entered the United States without inspection in March 2024 at age 16. (*Id.*). He was identified as an unaccompanied child[1] and transferred to the Office of Refugee Resettlement ("ORR") pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 8 U.S.C. § 1232. (*Id.*)

---

[1] "[T]he term 'unaccompanied alien child' means a child who has no lawful immigration status in the United States; has not attained 18 years of age; and with respect to whom—(i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody." 6 U.S.C. § 279(g).

4.  He was released to a sponsor living in New Jersey.  (*Id.*)  Petitioner has a pending affirmative asylum application and a pending application for Special Immigrant Juvenile Status ("SIJS"), as a child who has been abused, abandoned or neglected by one or both parents.  (*Id.* ¶ 22).

5.  ICE served Petitioner with a Notice to Appear ("Notice") on March 19, 2024, (ECF No. 1-3), but the Notice was never filed with the immigration court.  (ECF No. 1 ¶ 23).

6.  Petitioner turned 18 in April 2025.  (*Id.* ¶ 24).  ICE called Petitioner in for a "re-service" of the Notice on November 4, 2025.  (*Id.* ¶ 25).  Petitioner appeared as requested and was taken into custody.  (*Id.*)

7.  ICE detained Petitioner and placed him into mandatory detention "because he had entered without inspection and has now turned 18."  (*Id.* at 3).  "The ICE officer indicated that ICE is going down a list of all unaccompanied children who have turned 18 and entered without inspection in order to detain them."  (*Id.*)

8.  Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9.  Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner argues that he is being detained in violation of the Constitution because Respondents incorrectly determined that he is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1 ¶¶ 27, 34). "Specifically, [§ 1225(b)(2)] does not apply to Petitioner, who was designated an unaccompanied child under the TVPRA, released from ORR custody to a sponsor under 8 U.S.C. § 1232, and had been living in the United States prior to being to being apprehended by Respondents." (*Id.* ¶ 73).

11. Instead, Petitioner asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge. (*Id.* ¶¶ 34, 36). Petitioner states that he has not sought a bond hearing because a recent Board of Immigration Appeals ("BIA") opinion divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). (*Id.* ¶ 19) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)). He asserts that "the BIA's interpretation deprives Petitioner of his liberty without any individualized process to determine whether such detention is necessary to prevent flight risk or danger to the community, and violates due process." (*Id.* ¶ 46).

12. He also argues that his detention violates the TVPRA, which governs the treatment of unaccompanied minors by immigration officials. (*Id.* ¶¶ 59-61). He argues that ICE was required to consider placement in the least restrictive setting available, including alternatives to detention programs. (*Id.* ¶ 61 (citing 8 U.S.C. § 1232(c)(2)(B)).

13. Respondents assert that Petitioner is lawfully detained pursuant to § 1225(b)(2) and that he is not entitled to a bond hearing pursuant to *Hurtado*. (ECF No. 6 at 2).

14. Petitioner entered the United States as an unaccompanied child subject to the TVPRA. The TVPRA states that if an unaccompanied child "reaches 18 years of age and is

transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the [noncitizen's] danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(B). Therefore, ICE was required to give Petitioner special consideration before detaining him even though Petitioner is now 18.

15.     The noncitizen "shall be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the [noncitizen's] need for supervision, which may include placement … with an individual or an organizational sponsor, or in a supervised group home." *Id.*; *see also Jose L.P. v. Whitaker*, 431 F. Supp. 3d 540, 545-46 (D.N.J. 2019) ("[A]s to [an unaccompanied child] who is transferred to DHS custody upon turning 18, the government must consider the least restrictive setting available, including alternatives to detention.")

16.     This requirement is incompatible with § 1225's mandatory detention provision. Therefore, this Court concludes that § 1225's mandatory detention provision does not apply to Petitioner, and that his mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and Petitioner's Due Process rights.

17.     Respondents failed to provide Petitioner with the special care required by TVPRA before his detention and have provided no justification for doing so other than reliance on *Hurtado*. (*See generally* ECF No. 6). In these specific circumstances, this Court concludes the appropriate remedy is ordering Respondents to release Petitioner from custody within 24 hours.

18.     Respondents are prohibited from rearresting or otherwise detaining Petitioner under § 1225(b)(2). Any future proceedings must comply with the TVPRA.

19. An appropriate order follows.

     *[signature]*
     _____
     Hon. Susan D. Wigenton,
     United States District Judge
     Dated: November 17, 2025